DAYTON BAR ASSOCIATION *v.* MILLONIG.

[Cite as *Dayton Bar Assn. v. Millonig* (1999), 84 Ohio St.3d 403.]

(No. 98–1798—Submitted October 28, 1998—Decided January 20, 1999.)

*Casper & Casper* and *Patrick W. Allen,* for relator.

*Arthur F. Millonig, Jr., pro se.*

***Per Curiam.*** We adopt the findings of the board and its conclusion that respondent violated DR 1–102(A)(4) by failing to file the tax returns.

Because respondent was originally charged with a violation of DR 1–102(A)(4) and had notice and an opportunity to make his defense, relator's subsequent withdrawal of the charge did not preclude the panel and the board from finding that respondent's stipulated misconduct violated this Disciplinary Rule. We consequently distinguish *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320, 699 N.E.2d 933, in which we held that after the record was closed, the board could not find disciplinary violations that were not originally charged.

We also agree with the board regarding the appropriate sanction. Unlike *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190–191, 658 N.E.2d 237, 240, where we held that a violation of DR 1–102(A)(4) requires an actual suspension from the practice of law, there is no evidence in this case that respondent ever lied to his clients or any court. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting. Failure to file income tax returns, whether or not tax is due, is a serious violation that deserves more than a public reprimand. Therefore, I would suspend respondent for one year, and would stay that suspension on the condition that during this stay no disciplinary complaints are certified to the board by a probable cause panel.

COOK, J., concurs in the foregoing dissenting opinion.