[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 117.]

CLEVELAND BAR ASSOCIATION *v.* FREEMAN.

[Cite as *Cleveland Bar Assn. v. Freeman*, 2002-Ohio-1944.]

*Attorneys at law—Misconduct—Public reprimand—Neglect of an entrusted legal matter—Handling legal matter without adequate preparation.*

(No. 01-2205—Submitted January 30, 2002—Decided April 24, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-12.

_____

*Per Curiam.*

{¶ 1} Relator, Cleveland Bar Association, filed a two-count complaint on February 5, 2001, charging respondent, Kenneth J. Freeman of Solon, Ohio, Attorney Registration No. 0018940, with several violations of the Disciplinary Rules. Respondent filed an answer on February 28, 2001, and the parties stipulated findings of fact and conclusions of law and recommended a sanction to the Board of Commissioners on Grievances and Discipline of the Supreme Court.

Count I

{¶ 2} In Count I, respondent agreed to represent Dr. Geraldine M. Glover in a Chapter 7 bankruptcy action and in an adversary proceeding to determine the dischargeability of Glover's student loan. Respondent filed a Chapter 7 bankruptcy petition for Glover on November 2, 1998, and the court discharged Glover's debts on April 1, 1999, exempting, however, her student loan. A recent change in the bankruptcy law required a finding of hardship to grant relief from government-guaranteed student loans. Respondent thus elected to await the outcome of three hardship cases pending before the same bankruptcy judge that Glover had drawn before filing an action for Glover.

**{¶ 3}** Approximately one year later, respondent decided, after reviewing rulings in those cases, that Glover was not likely to prevail in an adversary proceeding seeking relief based on hardship. Consequently, respondent did not file an adversary proceeding for Glover. Respondent, however, failed to adequately and timely notify Glover of his conclusion until Glover filed a grievance against him on December 28, 1999.

**{¶ 4}** In mitigation as to this count, respondent began suffering from diabetes at about this time, a previously undiagnosed condition until his hospitalization for it in November 1999. Furthermore, Glover may reopen her bankruptcy case and file an adversary proceeding to determine dischargeability of her student loan. Finally, Glover sued respondent for malpractice, and the parties have settled that case and dismissed it.

Count II

**{¶ 5}** Under Count II, Freddie Young hired respondent to file a Chapter 13 bankruptcy for him and his wife, Pamela L. Young. Mr. Young paid respondent a fee of $1,400. The Youngs also discussed filing an adversary proceeding against Mr. Young's mortgage holder concerning a longstanding dispute over insurance proceeds. Respondent and the Youngs verbally agreed that respondent would collect an additional fee at the conclusion of the adversary proceeding.

**{¶ 6}** Consequently, respondent filed a Chapter 13 bankruptcy petition for the Youngs and, later, an adversary proceeding. During respondent's representation of the Youngs, respondent concluded that he could not support the claims set forth in the adversary complaint with sufficient evidence, despite the Youngs' insistence that they had valid claims against the mortgage holder.

**{¶ 7}** Nevertheless, respondent failed to adequately and fully communicate with the Youngs in a timely or effective manner. Respondent failed to inform Mr. Young adequately that the court would dismiss his adversary proceeding if he was

unable to produce additional documentation. Moreover, after the court dismissed the proceeding, respondent failed to timely notify Mr. Young about the dismissal.

{¶ 8} In mitigation as to this count, relator agrees that respondent did not have sufficient evidence to support the claims set forth in the adversary complaint. Relator does not question respondent's judgment on how to proceed in his initial representation of Mr. Young in the adversary proceeding, especially given Mr. Young's hesitance toward previous settlement attempts. Moreover, the Youngs did not pay respondent for the adversary proceeding, and respondent has agreed to waive the defense of the statute of limitations should Mr. Young sue him for malpractice relative to the dismissal of the adversary proceeding.

{¶ 9} Respondent initially failed to cooperate with relator's investigator. Before relator filed the instant complaint, though, respondent began to cooperate fully with relator; he presented a detailed review of his representation of the Youngs in a lengthy letter to relator.

{¶ 10} Relator and respondent stipulated that respondent violated DR 6-101(A)(3) (neglecting legal matter entrusted to lawyer) in representing Glover and 6-101(A)(2) (handling legal matter without adequate preparation) in representing the Youngs. Relator and respondent also stipulate that respondent violated Gov.Bar R. V(4)(G) in initially failing to cooperate fully in the investigation of the Youngs' grievance.

{¶ 11} The parties jointly recommended that we publicly reprimand respondent for his admitted violations of the Disciplinary Rules.

{¶ 12} A panel of the board adopted the stipulated findings of fact and conclusions of law and agreed to recommend the stipulated sentence of a public reprimand. The board adopted the panel's findings, conclusions, and recommendation.

**{¶ 13}** After reviewing the record, we adopt the findings, conclusions, and recommendation of the board. Accordingly, we hereby publicly reprimand respondent and tax costs to him.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Edward L. Bettendorf* and *John J. Duffy*, for relator.

*Gerald R. Walton*, for respondent.

————————————