DAYTON BAR ASSOCIATION *v.* SCHRAM.

[Cite as *Dayton Bar Assn. v. Schram,*
98 Ohio St.3d 512, 2003-Ohio-2063.]

(No. 2003–0360—Submitted March 12, 2003—Decided May 7, 2003.)

_____

**Per Curiam.**

{¶ 1} Respondent, Deborah C. Schram of Dayton, Ohio, Attorney Registration No. 0025554, was admitted to the practice of law in Ohio in 1978. On April 8, 2002, relator, Dayton Bar Association, filed a complaint charging respondent with having violated DR 2–106(A) (charging an illegal fee) and 9–102(B)(4) (failing to promptly pay a client funds the client is entitled to receive). A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' discipline-by-consent agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 2} According to the agreement, respondent was retained by a client in February 2000 to handle the client's divorce. The client signed respondent's contract for legal services, agreeing to pay respondent an hourly rate of $195 and also a $3,300 nonrefundable retainer. The client paid respondent $3,300, of which respondent deposited $300 into a client trust account for court costs. Respondent deposited the remaining $3,000 in her office-operating account.

{¶ 3} In the succeeding weeks, respondent began preparing the papers needed to initiate the divorce proceedings, spending approximately 2.5 hours of her time at a cost to her client of $487.50. In March 2000, the client asked respondent to stop working on her case, apparently because the client wanted to attempt reconciliation. In June 2000, the client spoke with respondent's secretary and asked for an accounting of respondent's services and the return of the unearned portion of her retainer.

{¶ 4} Respondent's secretary did not advise respondent of the client's request for a billing statement and refund. The secretary also did not tell respondent that her client called approximately 24 times over the next several months to renew this request. On May 11, 2001, respondent received a certified letter from the client demanding an accounting and refund. By June 11, 2001, respondent had prepared the billing statement and a letter that she intended to send to her client along with the client's refund. Also on June 11, 2001, respondent received relator's letter of inquiry about a grievance her client had filed. Unsure of how to proceed, respondent decided to wait for relator's guidance before contacting the client.

{¶ 5} Initially, relator referred respondent and her client to a fee-dispute resolution committee; however, the client ultimately declined to participate. Within three months, respondent met with relator's investigator and gave him a check reimbursing her client for $2,812.50.[1]

{¶ 6} The parties agreed and the panel found that respondent had violated DR 2–106(A) by charging a nonrefundable fee not based on the factors in section (B) of the rule. The parties also agreed and the panel found that respondent had violated DR 9–102(B)(4) by not promptly returning her client's money.

{¶ 7} In recommending a sanction for this misconduct, the panel considered that respondent had no prior disciplinary record, cooperated completely in the disciplinary proceedings, and made restitution to her client. The panel also considered that respondent had not intended to keep more money than she earned from her client but rather had mistakenly relied on a fee contract modeled after an agreement she received through a continuing legal education course. The panel further considered that respondent had taken steps to avoid missing telephone calls on account of her office staff.

{¶ 8} The panel recommended the sanction suggested by the parties. The board adopted the panel's findings of misconduct and recommendation.

---

1. The discipline-by-consent agreement actually identifies September 4, 2002, as the date of respondent's remittance; however, the pleadings in this case establish that respondent did not wait for more than a year to act.

{¶ 9} We agree with the board. Accordingly, respondent is hereby publicly reprimanded for having violated DR 2–106(A) and 9–102(B)(4). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

_____

Weisbrod & Dankof and David M. Rickert, for relator.

Gary C. Schaengold, for respondent.