OFFICE OF DISCIPLINARY COUNSEL *v.* MARKIJOHN.

[Cite as *Disciplinary Counsel v. Markijohn,*
99 Ohio St.3d 489, 2003-Ohio-4129.]

(No. 2003-0724—Submitted June 4, 2003—Decided August 20, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Darrell N. Markijohn of Canton, Ohio, Attorney Registration No. 0030554, was admitted to the Ohio bar in 1985. On October 7, 2002, relator, Disciplinary Counsel, charged respondent with having violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). A panel appointed by the Board of Commissioners on Grievances and Discipline heard the cause and, based on stipulations and other evidence, made findings of fact, conclusions of law, and a recommendation.

{¶ 2} Respondent initiated the investigation that led to this complaint by advising relator of his illicit reporting practices relative to his former law firm's retirement plan. Respondent began working for his firm in 1984 while still in law school, later becoming an associate and, by 1990, a partner. As an associate, respondent participated in the firm's retirement plan, and when he became a partner, he was required annually to contribute a predetermined amount to a retirement account. In 1992, respondent elected to serve as trustee of his own retirement-account investments.

{¶ 3} For the years 1997, 1998, 1999, and 2000, respondent did not make the required payments to the retirement account, although he reported to his law firm that he had. Respondent also filed false state and federal income tax returns taking deductions for the retirement-account contributions he had not paid. During this period, the law firm relied on respondent's representations in preparing and filing tax returns for the firm's retirement plan.

{¶ 4} In 2002, respondent revealed his misrepresentations to his law partners. He was asked to resign and did resign but promised to provide whatever information he could to help the firm amend its financial reports and returns. Respondent has paid requested restitution to his former law firm for expenses

incurred due to his misrepresentations. He is making payments on taxes owed for 2000. For the prior years, respondent believes that he has settled accounts with income tax authorities, paying taxes, penalties, and interest to the extent required by law. Respondent is now practicing law independently.

{¶ 5} The panel found respondent in violation of DR 1–102(A)(4). In recommending a sanction for this misconduct, the panel considered as mitigating the extreme marital and financial difficulties that respondent was having at the time, his sincere remorse, and the fact that he had no prior disciplinary record, made restitution, and reported his misconduct to relator. The panel also took into account the testimony and letters of support from respondent's friends, colleagues, and clients. All described respondent's professional competence, honesty, and integrity apart from this incident, and some were familiar with the overwhelming extent of his personal troubles. Finally, the panel considered that while respondent's dishonesty had serious consequences, it did not compromise any client's interest.

{¶ 6} The panel acknowledged that a violation of DR 1–102(A)(4) ordinarily calls for the actual suspension of an attorney's license. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237. However, it distinguished respondent's case on the basis that he had not lied to a client or court. The panel thus found respondent's misconduct more comparable to that committed in *Dayton Bar Assn. v. Millonig* (1999), 84 Ohio St.3d 403, 704 N.E.2d 568, in which an attorney received a public reprimand for failing for three years to file federal income tax returns in violation of DR 1–102(A)(4).

{¶ 7} The panel recommended that respondent be suspended from the practice of law for six months, with the entire period stayed. The board adopted the panel's findings of misconduct and its recommendation.

{¶ 8} We agree that respondent violated DR 1–102(A)(4) and that a six-month suspension, which is to be stayed on the condition that he commit no further misconduct, is the commensurate sanction. A violation of DR 1–102(A)(4) usually requires an actual suspension from the practice of law for an appropriate period of time. *Fowerbaugh*, 74 Ohio St.3d at 190, 658 N.E.2d 237. However, an abundance of mitigating evidence can justify a lesser sanction. *Dayton Bar Assn. v. Kinney* (2000), 89 Ohio St.3d 77, 728 N.E.2d 1052 (attorney's misrepresentations to government agencies that did not harm client or change outcome of the representation warranted a stayed six-month suspension). Accordingly, respondent is hereby suspended from the practice of law for six months, with the entire suspension stayed on the condition that he commit no further misconduct during that term. If respondent violates the condition, the stay will be lifted and

respondent will serve the entire term of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, L.P.A., and Geoffrey Stern, for respondent.