154

DISCIPLINARY COUNSEL v. MILLONIG.

[Cite as *Disciplinary Counsel v. Millonig,*
108 Ohio St.3d 154, 2006-Ohio-420.]

(No. 2005–1543—Submitted September 28, 2005—Decided February 15, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Arthur Frederick Millonig Jr. of Centerville, Ohio, Attorney Registration No. 0006552, was admitted to the Ohio bar in 1969.

{¶ 2} In 1999, after respondent willfully failed to file federal income tax returns for three years, we publicly reprimanded him for violating DR 1–102(A)(4) (prohibiting conduct involving fraud, deceit, dishonesty, or misrepresentation). *Dayton Bar Assn. v. Millonig* (1999), 84 Ohio St.3d 403, 704 N.E.2d 568. On December 5, 2005, respondent was suspended for failure to file a certificate of registration and pay the fee required under Gov.Bar R. VI for the 2005–2007 biennium. 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 3} On April 18, 2005, relator, Disciplinary Counsel, filed a complaint charging respondent with three counts of professional misconduct. Respondent was served with the complaint at his last known address, but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of fact and conclusions of law, which the board adopted, as well as a recommendation, which the board modified.

### Misconduct

*Count I*

{¶ 4} During 2003 and 2004, respondent acted as an agent for First American Title Insurance Company. In January 2004, respondent was involved in the closing of a mortgage-refinancing transaction as the agent of First American, and

he was to send a $375,203 check to Countrywide Homes to pay off the homeowners' first mortgage. He failed to send the money.

{¶ 5} Three months later, an officer from First American met with respondent to discuss his failure to pay off the mortgage. Respondent stated that he had sent $75,000 to Countrywide Homes as a partial payment, but acknowledged that he had misappropriated the balance of the money.

{¶ 6} An audit by First American revealed that respondent had misappropriated more than $214,000 from his escrow account. Most of the misappropriated funds had been withdrawn from respondent's Interest on Lawyers' Trust Accounts ("IOLTA") account and commingled with funds in his own business checking account.

{¶ 7} The board found that respondent had violated DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(4), 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), and 9–102(E)(1) (requiring a lawyer to maintain funds of clients or third persons in certain interest-bearing trust accounts).

## Count II

{¶ 8} On or before September 1, 2003, respondent was required by the Rules for the Government of the Bar of Ohio to file a certificate of registration and pay a biennial registration fee to practice law in Ohio. He failed to do either.

{¶ 9} The board found that respondent had violated Gov.Bar R. VI(1)(A) (requiring a lawyer to timely file a certificate of registration each biennium).

## Count III

{¶ 10} Relator sent respondent multiple letters of inquiry during the investigation of the grievance filed by First American. Respondent sent a one-page response to the third letter admitting that the allegations were "substantially correct," but did not provide answers to relator's inquiries and never filed an answer to relator's complaint or to the motion for default.

{¶ 11} The board found that respondent had violated DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice) and 1–102(A)(6) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of professional misconduct).

## Sanction

{¶ 12} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board

noted one aggravating factor under BCGD Proc.Reg. 10(B)(1)(a)—respondent's prior disciplinary offense—and found no mitigating factors.

{¶ 13} Relator recommended that respondent be indefinitely suspended, and the master commissioner agreed with that recommendation. The board, however, recommended that respondent be permanently disbarred for his misconduct.

{¶ 14} We agree that respondent violated all of the provisions cited in the board's report, and we also agree that permanent disbarment is the appropriate sanction. Respondent's prior disciplinary violation and his failure to cooperate in the investigation of this latest grievance indicate that he holds little respect for his obligations to the legal profession, and his misappropriation of funds demonstrates that he is not fit to practice law. As we have said, the "presumptive disciplinary measure for such acts of misappropriation is disbarment." *Columbus Bar Assn. v. Moushey,* 104 Ohio St.3d 427, 2004-Ohio-6897, 819 N.E.2d 1112, ¶ 16.

{¶ 15} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Assistant Disciplinary Counsel, for relator.