AKRON BAR ASSOCIATION *v.* HOLDA.

[Cite as *Akron Bar Assn. v. Holda,*
111 Ohio St.3d 418, 2006-Ohio-5860.]

(No. 2006–1149—Submitted August 8, 2006—Decided November 29, 2006.)

———

**Per Curiam.**

{¶ 1} Respondent, Sheri Lynn Holda of Ravenna, Ohio, Attorney Registration No. 0073993, was admitted to the Ohio bar in 2001.

{¶ 2} On October 10, 2005, relator, Akron Bar Association, filed a complaint charging respondent with professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in April 2006. The panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

### Misconduct

{¶ 3} In August 2004, Patricia L. Hill retained respondent to represent her in a domestic-relations matter. Hill paid a $2,000 retainer, but respondent did not

deposit the money into an Interest on Lawyer Trust Accounts ("IOLTA") account.

{¶ 4} At the disciplinary hearing, respondent explained that she kept Hill's $2,000 cash payment in a lock box at her home to keep those funds separated from her business account. Respondent did not have an IOLTA account at the time, and the payment from Hill in August 2004 was the first retainer that respondent ever accepted from a client.

{¶ 5} During the representation, respondent failed to return Hill's phone calls and failed to appear for two appointments with Hill. Respondent also never filed the divorce complaint that Hill had asked her to file. In October 2004, respondent claimed to have left documents at Hill's place of employment, but Hill did not receive them. In November 2004, Hill terminated respondent's services and asked for a refund of the retainer and the return of her case file.

{¶ 6} Respondent promised to return the retainer and the case file, and she promptly gave Hill a $2,000 check in November 2004, along with Hill's original documents. The $2,000 check was drawn on respondent's business account rather than a client trust account.

{¶ 7} When Hill tried to cash the $2,000 check, she learned that there were insufficient funds in respondent's account to cover the check. Hill complained to respondent, who suggested that Hill try to present the check a second time. When Hill did so, she was again told by the bank that respondent's business account contained insufficient funds to cover the check.

{¶ 8} Hill then filed a small-claims complaint against respondent seeking the return of her retainer, and she also filed a grievance with relator against respondent. On December 20, 2004, Hill was at last able to cash the $2,000 check from respondent.

{¶ 9} After examining these actions, the board found that respondent had violated the following Disciplinary Rules: DR 2–110(A)(2) (requiring a lawyer to take reasonable steps to prevent damage or prejudice to a client before withdrawing from representation), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), and 9–102(A) (requiring a lawyer to maintain client funds in a separate, identifiable bank account).

### Sanction

{¶ 10} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found no aggravating factors, but did identify the following mitigating factors: the absence of any prior disciplinary record, the absence of a dishonest or selfish

motive, respondent's efforts to rectify the consequences of her misconduct by paying full restitution, her full and free disclosure to the board and her cooperative attitude toward the disciplinary process, and a letter supporting respondent's good character and professionalism. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e).

{¶ 11} Relator recommended that respondent be suspended from the practice of law for six months, with the entire suspension stayed. The panel and the board, however, both recommended the lesser sanction of a public reprimand. Neither party has filed objections to the board's findings or its recommendation.

{¶ 12} We have reviewed the board's report and the record, and we accept the board's findings and conclusions. We also adopt the board's recommended sanction.

{¶ 13} Respondent readily acknowledged at the disciplinary hearing that she should have established an IOLTA account, and she admitted that she was a "very bad bookkeeper" who did not keep close tabs on the balance in her business checking account in 2004. At the disciplinary hearing in April 2006, however, respondent testified that she has established an IOLTA account, and she now relies on a computer program to help her keep track of her bank account balances. That testimony, which is supported by a letter in the record from Judge Brenda Burnham Unruh, suggests that respondent has remedied her lax bookkeeping practices and no longer keeps unearned client money locked in a box at her home. Those steps, together with relator's helpful offer to provide a mentor to respondent to assist her with office-management issues, should minimize the likelihood of any similar misconduct by respondent in the future.

{¶ 14} We agree with the board that respondent's misconduct warrants a public reprimand. The board cited no aggravating factors that might prompt us to impose a harsher sanction, and it did identify several significant mitigating circumstances, including the absence of any dishonesty or selfishness on the part of respondent, as well as her cooperative attitude. We have ordered a public reprimand in similar circumstances. See, e.g., *Cuyahoga Cty. Bar Assn. v. Hardiman,* 100 Ohio St.3d 260, 2003-Ohio-5596, 798 N.E.2d 369 (public reprimand imposed for three disciplinary violations where no aggravating circumstances were shown and where the lawyer had committed no prior disciplinary violations and had provided significant pro bono services to her community and the legal profession); *Dayton Bar Assn. v. Schram,* 98 Ohio St.3d 512, 2003-Ohio-2063, 787 N.E.2d 1184 (public reprimand was appropriate sanction for attorney's conduct in charging a nonrefundable fee and failing to promptly return the unearned portion where attorney had no prior disciplinary record, cooperated in the disciplinary process, and made restitution to the client); *Cincinnati Bar Assn. v. Randolph* (1999), 85 Ohio St.3d 325, 708 N.E.2d 192 (public reprimand was appropriate

sanction for attorney's collection of an excessive fee and his failure to promptly return client funds where the misconduct was an isolated act, the client's funds were returned, and the attorney had accepted complete responsibility for his actions).

{¶ 15} Accordingly, respondent is hereby publicly reprimanded. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Vincent J. Alfera and Dianne R. Newman, for relator.
John A. Casalinuovo, for respondent.