AMSTUTZ, APPELLANT, *v.* EBERLIN, WARDEN, APPELLEE.

[Cite as *Amstutz v. Eberlin,* 119 Ohio St.3d 421, 2008-Ohio-4538.]

(No. 2008–0939—Submitted August 26, 2008—Decided September 16, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because appellant had an adequate remedy in the ordinary course of law to raise his claim and res judicata bars his successive habeas corpus petition, we affirm.

{¶ 2} In 1999, appellant, Ricky Lee Amstutz, pleaded guilty to one count of involuntary manslaughter with an accompanying firearm specification and one count of having weapons while under disability and was sentenced to an aggregate 14–year prison term. We subsequently dismissed Amstutz's petition for a writ of habeas corpus. *Amstutz v. Eberlin,* 112 Ohio St.3d 1437, 2007-Ohio-152, 860 N.E.2d 763.

{¶ 3} Amstutz thereafter filed a second petition for a writ of habeas corpus, this time in the Court of Appeals for Belmont County. Amstutz claimed that he was entitled to release from prison because the trial court had improperly enhanced his sentence in violation of several decisions, including *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; and *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. Appellee, Belmont Correctional Institution Warden Michele Eberlin, filed a Civ.R. 12(B)(6) motion to

dismiss Amstutz's petition for failure to state a claim upon which relief can be granted.

{¶ 4} In his appeal as of right, Amstutz asserts that the court of appeals erred in dismissing his petition. For the following reasons, Amstutz's argument lacks merit.

{¶ 5} First, Amstutz "has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. Amstutz could have appealed the sentence that he now challenges by extraordinary writ, but he did not.

{¶ 6} Second, we rejected comparable claims in *State ex rel. Golson v. Moore*, 116 Ohio St.3d 308, 2007-Ohio-6434, 878 N.E.2d 1033, and *State ex rel. Shackleford v. Moore*, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035.

{¶ 7} Finally, having filed a previous petition in which he could have raised these claims, Amstutz is barred by res judicata from filing a successive habeas corpus petition. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8.

{¶ 8} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Ricky Lee Amstutz, pro se.

Nancy Hardin Rogers, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.