AKRON BAR ASSOCIATION *v.* HOLDA.

[Cite as *Akron Bar Assn. v. Holda*, 125 Ohio St.3d 140, 2010-Ohio-1469.]

*Attorneys at law — Misconduct — Failure to act with reasonable diligence and promptness in representing a client — One-year stayed suspension.*

(No. 2009-2080 — Submitted January 13, 2010 — Decided April 7, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-005.

_____

**Per Curiam.**

{¶ 1} Respondent, Sheri Lynn Holda of Green, Ohio, Attorney Registration No. 0073993, was admitted to the practice of law in Ohio in 2001. On November 29, 2006, we publicly reprimanded respondent for failing to maintain a retainer in a separate trust account, neglecting an entrusted legal matter, and failing to properly refund a retainer upon the termination of her representation of a client. *Akron Bar Assn. v. Holda*, 111 Ohio St.3d 418, 2006-Ohio-5860, 856 N.E.2d 973.

{¶ 2} In this case, the Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice law for one year, with the suspension stayed upon certain conditions aimed at eliminating any monetary loss to the affected clients and preventing the recurrence of future disciplinary violations. The board's recommendation is based on its finding that respondent committed professional misconduct by failing to act with reasonable diligence and promptness in her representation of two clients and failing to promptly deliver her case file to one of the clients upon termination of her representation. We agree that respondent committed the professional misconduct

found by the board, and with a minor modification, we agree that the appropriate sanction is a conditionally stayed one-year suspension.

{¶ 3} Relator, Akron Bar Association, charged respondent in a two-count complaint with violations of several Rules of Professional Conduct. After respondent filed an answer in which she denied that she had committed any misconduct, the parties stipulated to certain facts and misconduct. Specifically, the parties stipulated that in her representation of two clients, respondent violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client). At a hearing before a three-member panel of the board, relator dismissed the remaining charges.

{¶ 4} Relator recommended a one-year suspension, with the entire period stayed upon certain conditions, and respondent did not object to the recommendation. After the hearing, the panel made findings of fact and conclusions of law and recommended that the board impose a one-year suspension, with the entire period stayed upon the following conditions: (1) respondent shall contact the Ohio Lawyers Assistance Program ("OLAP") and sign a contract with OLAP and follow its recommendations during the period of her stayed suspension, (2) a monitor chosen by relator shall monitor respondent during the stayed suspension, (3) respondent shall attend a law office management program or seminar during her stayed suspension, and (4) respondent shall refund $1,000 to one of her clients and $1,500 to the other client. The board adopted the panel's findings of misconduct and recommended sanction.

{¶ 5} The parties have not objected to the board's report.

**Misconduct**

*Count One – Estate Matter*

{¶ 6} In December 2007, a client retained respondent to handle a release from administration of his father's estate. The client signed probate documents and gave his father's will to her along with a $1,000 retainer check. Respondent

deposited the check into her trust account and withdrew the entire amount a few months later.

**{¶ 7}** Respondent never filed any estate case on behalf of her client, and after the client terminated her representation and secured new counsel, the new attorney asked respondent in June 2008 for her case file, including the will. Respondent, however, did not give the file to the client's new counsel until late September 2008.

**{¶ 8}** The parties stipulated and the panel found that respondent's conduct violated Prof.Cond.R. 1.3. The panel further determined that based on her admission at the hearing, respondent also violated Prof.Cond.R. 1.16(d) (requiring a lawyer upon termination of representation to promptly deliver to the client papers and property belonging to the client). Because respondent was originally charged in relator's complaint with the latter violation, relator's subsequent withdrawal of the charge at the disciplinary hearing did not preclude the panel from finding that respondent's admission at the hearing provided the requisite clear and convincing evidence that she had violated the rule. See *Dayton Bar Assn. v. Millonig* (1999), 84 Ohio St.3d 403, 405, 704 N.E.2d 568.

**{¶ 9}** The board adopted the panel's findings of misconduct, as do we.

*Count Two – Custody Case*

**{¶ 10}** In June 2008, a client paid respondent a $1,500 retainer fee to pursue custody of the client's grandchild. Respondent filed a motion on behalf of her client and was notified of the date and time of a status hearing on the matter. She did not appear at the status hearing and did not advise either the court or her client that she would be arriving late.

**{¶ 11}** Following the hearing, respondent agreed to file objections to the magistrate's order in the case. However, she failed to file timely objections to the order.

**{¶ 12}** Respondent stipulated and the panel and board found that her conduct violated Prof.Cond.R. 1.3. We adopt the board's finding of misconduct.

### Sanction

**{¶ 13}** In recommending a sanction for this misconduct, the board weighed the aggravating and mitigating factors in respondent's case and reviewed sanctions imposed in similar cases. The sole aggravating factor found by the board was respondent's prior public reprimand. See Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B)(1)(a).

**{¶ 14}** In mitigation, the board determined that respondent established the absence of a dishonest or selfish motive, agreed to make restitution to each client by refunding their retainer fees, exhibited a cooperative attitude toward the disciplinary proceedings, and submitted letters and testimony from various individuals, including judges, attorneys, and clients, attesting to her good character. BCGD Proc.Reg. 10(B)(2)(b), (c), (d), and (e). Most significantly, the board gave credit to respondent's testimony that she had taken steps to prevent similar situations from occurring in the future by moving her practice into an office with another attorney who will monitor her work and provide a structured environment and support staff to assist her.

**{¶ 15}** The board determined that a conditionally stayed one-year suspension was appropriate based on comparable cases involving multiple offenses. Cf. *Toledo Bar Assn. v. Lowden*, 105 Ohio St.3d 377, 2005-Ohio-2162, 826 N.E.2d 836 (two-year conditionally stayed suspension for conduct involving dishonesty, fraud, deceit, or misrepresentation and failure to cooperate with a disciplinary investigation in addition to neglecting entrusted legal matters); *Columbus Bar Assn. v. Watson.* 106 Ohio St.3d 298, 2005-Ohio-4983, 834 N.E.2d 809 (six-month conditionally stayed suspension for misconduct including neglecting an entrusted legal matter).

**{¶ 16}** We agree with the board's recommended sanction but add the requirement that respondent shall refund the retainer fees paid by the clients by June 1, 2010, or the stay of the suspension will be lifted. This case involves less egregious misconduct than that involved in *Lowden* but warrants a harsher sanction than that imposed on the attorney in *Watson* due to respondent's previous discipline for similar misconduct.

**{¶ 17}** Respondent is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the conditions that respondent shall (1) contact and sign a contract with OLAP and follow its recommendations during the period of the stayed suspension, (2) report to an attorney chosen by relator to monitor respondent during the stayed suspension, (3) attend a law office management program or seminar during the stayed suspension, and (4) refund $1,000 to her client in the estate matter and $1,500 to her client in the custody case by June 1, 2010. If respondent fails to comply with the terms of the stay, the stay will be lifted, and respondent will serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J.,[1] and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

James M. Campbell; Patricia A. Vance; and Hardesty, Kaffen & Zimmerman and David Friedman, for relator.

Buckingham, Doolittle & Burroughs, L.L.P., Peter T. Cahoon, and Dennis J. Bartek, for respondent.

_____

1. The late Chief Justice Thomas J. Moyer participated in the deliberations in, and the final resolution of, this case prior to his death.