[Cite as *Mubashshir v. Sheldon*, 2010-Ohio-4808.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

MUJTABAA L. MUBASHSHIR,
aka LAPETTO JOHNSON,

      PETITIONER-APPELLANT,           CASE NO.  9-10-39

      v.

EDWARD SHELDON, WARDEN,          O P I N I O N

      RESPONDENT-APPELLEE.


Appeal from Marion County Common Pleas Court
Trial Court No. 10CV0327

Judgment Affirmed

Date of Decision:   October 4, 2010


APPEARANCES:

    *Mujtabba L. Mubashshir,* **Appellant**

    *M. Scott Criss*  **for Appellee**

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant, Mujtabaa L. Mubashshir, fka Lapetto Johnson, ("Appellant" or "petitioner") appeals the decision of the Marion County Court of Common Pleas dismissing his Complaint for a Writ of Habeas Corpus on the basis of res judicata. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 3, 1988, pursuant to a plea agreement, Appellant pled guilty to seven counts of kidnapping, six counts of rape, three counts of abduction, five counts of felonious assault, two counts of gross sexual imposition, two counts of aggravated robbery, and one count of attempted rape. Count three of the indictment, which involved the abduction of a minor, was dismissed upon recommendation of the prosecutor. The offenses involved multiple victims. The trial court imposed a prison sentence of ninety-six years actual incarceration to two-hundred thirty-five years. (Oct. 28, 1988 J.E.)

{¶3} Appellant filed a direct appeal and the Eighth District Court of Appeals affirmed his conviction. See *State v. Johnson* (Apr. 9, 1990), Cuy.App. No. 56808, 1990 WL 37355. The Ohio Supreme Court denied leave to appeal. In the ensuing years, Appellant has filed several other post-conviction causes of action and petitions seeking a writ of habeas corpus in both state and federal courts.

{¶4} In November of 2009, Appellant filed a "Complaint for Habeas Corpus" in the Supreme Court of Ohio. On December 30, 2009, the Ohio Supreme Court issued a "Merit Decision Without Opinion" and dismissed Appellant's petition. See *Mubashshir v. Sheldon*, 124 Ohio St.3d 1413, 2009-Ohio-6816, 919 N.E.2d 213 (Table).

{¶5} On April 16, 2010, Appellant filed another Complaint for Writ of Habeas[1] Corpus in the Marion County Court of Common Pleas. Thereafter, the trial court issued its decision dismissing the case, finding that Appellant's petition was barred by res judicata. In its judgment entry, the trial court stated that Appellant's petition in the Marion County Court was "almost identical" to the petition previously filed in the Ohio Supreme Court. Therefore,

> [a]s the dismissal by the Ohio Supreme Court was a merit decision, said dismissal constitutes res judicata in this case. Res judicata bars the Petitioner from raising the same issue that he previously raised in his prior habeas corpus case.

{¶6} On May 3, 2010, a notice of appealable order was issued. It is from this decision that Appellant now appeals, pro se, raising the following two assignments of error.

**First Assignment of Error**

**The petitioner/appellant was prejudice[d] by the court's decision against the manifest weight of the evidence and denied a hearing**

---

[1] Appellant asserted several issues in his petition, including a claim that the cumulative changes to Ohio's parole laws, policies, standards, statutes and guidelines that were implemented July 1, 1996, violate numerous of his constitutional rights as applied to crimes committed prior to that date.

**on petition for writ of habeas corpus contrary to the Ohio Supreme Court Decision.**

**Second Assignment of Error**

**The petitioner/appellant was prejudice[d] and denied due process and the equal protection of the law when the clerk's [sic] of court altered with deliberate indifferent with malice and malicious intent, in wanton and reckless disregard for the petitioner/appellant state statutory, and Federal Constitutional rights to have his documents filed according to Law.**

*First Assignment of Error*

{¶7}   In his first assignment of error, Appellant argues that the trial court was wrong in dismissing his petition because he contends that the Ohio Supreme Court did not consider his petition for habeas corpus on the merits.   Therefore, Appellant does not believe that res judicata applies to his case.

{¶8}   Our review of the record finds that the trial court's decision was correct.   The Ohio Supreme Court did review his petition on the merits and, therefore, res judicata is applicable.   "Res judicata bars [a defendant] from filing a successive habeas corpus petition insofar as he raises claims that he either raised or could have raised in his previous petition."  *Keith v. Kelley*, 125 Ohio St.3d 161, 2010-Ohio-1807, 926 N.E.2d 626, ¶1, citing *Amstutz v. Eberlin*, 119 Ohio St.3d 421, 2008-Ohio-4538, 894 N.E.2d 1219; *Smith v. Money*, 3d Dist. No. 9-02-20, 2002-Ohio-3387, ¶7.

{¶9} Because Appellant's petition in the Marion County Court was identical to that filed in the Ohio Supreme Court, res judicata precludes the trial court from considering his second petition. Appellant appears to have misinterpreted the language in the Supreme Court's decision, which was filed without issuing a formal opinion, and erroneously concluded that the decision was made without a review of merits.

{¶10} The Supreme Court of Ohio's entry in Appellant's Habeas Corpus Case No. 2009-2089, filed December 30, 2009, stated as follows:

> **This cause originated in this Court on the filing of a complaint for a writ of habeas corpus and *was considered in a manner prescribed by law. Upon consideration thereof*,**
>
> **It is ordered by the court, sua sponte, that this cause is dismissed.**

(Emphasis added.) The Supreme Court's entry definitively states that the matter was considered. Furthermore, the publication of the Ohio Supreme Court's decision was clearly noted as a "*Merit Decision* Without Opinion." See *Mubashshir v. Sheldon*, 124 Ohio St.3d 1413, 2009-Ohio-6816, 919 N.E.2d 213 (Table).

{¶11} Appellant is mistaken in his belief that "res judicata can never apply when there is no opinion." (Appellant's Brief, p. 3.) A decision that is issued without a detailed opinion is a final and binding decision, nevertheless.

{¶12} Appellant also appears to believe that the Supreme Court's statement that it "sua sponte" dismissed the case means that "sua sponte the court dismissed my petition *claiming that it lacked subject matter jurisdiction to hear this case*" and therefore, never addressed the merits. (Appellant's Memorandum in Support of his Motion for Reconsideration, filed June 4, 2010, emphasis added.) "Sua sponte" simply means that the Supreme Court dismissed the case itself, on its own accord, without a motion or filing from another party. "Sua sponte" does not mean that it was dismissed for lack of subject matter jurisdiction.[2]

{¶13} Appellant's petition for habeas corpus was fully considered on its merits and dismissed by the Ohio Supreme Court as meritless. Accordingly, the trial court properly dismissed appellant's new petition because it was barred by res judicata. Appellant's first assignment of error is overruled.

*Second Assignment of Error*

{¶14} Appellant filed a "Motion for Reconsideration" in the trial court on June 4, 2010. The trial court stated that it lacked jurisdiction to rule on the Motion for Reconsideration because it was filed after Appellant had filed his appeal on June 3, 2010.

---

[2] Appellant attached a copy of the BLACK'S LAW DICTIONARY definition of "sua sponte" which defined the phrase as follows: "[Latin 'of one's own accord; voluntarily'] Without prompting or suggestion; on its own motion <the court took notice sua sponte that it lacked jurisdiction over the case>." Id. The bracketed *example* stating "the court took notice sua sponte that it lacked jurisdiction over the case" is simply *one example* of one way that a court may act sua sponte; it is not the *only* way. A court will often address the matter of subject matter jurisdiction "sua sponte," or, on its own, without someone raising the issue. However, a court may also act "sua sponte" in many other instances, such as in this case, that have nothing to do with jurisdictional issues.

{¶15} Appellant maintains that the trial court should have reviewed his Motion for Reconsideration because he originally submitted it for filing on May 7, 2010, *before* he filed his appeal and while the trial court still had jurisdiction. However, the clerk's office did not file his motion at this time. It returned the documents to him stating that his motion lacked a signature. Appellant complains that the clerk's office should have filed his Motion for Reconsideration upon receipt in early May because he claims the motion did contain his notarized signature. Therefore, he states that it was submitted for filing while the trial court still had jurisdiction and the trial court should have ruled on his Motion for Reconsideration.

{¶16} There are two problems with Appellant's arguments. First, the clerk's office was correct in returning the motion because the *motion* did not have Appellant's signature. Civil Rule 11 requires *every* pleading, motion or other document to be signed by the attorney representing the party, or by the person submitting the document, if that person is not represented.

> **Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name \*\*\*. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. \*\*\* If a document is not signed \*\*\* it may be stricken as sham and false and the action may proceed as though the document had not been served.**

Civ.R.11.

**{¶17}** The third page of Appellant's "Memorandum in Support" of his Motion for Reconsideration did contain his notarized signature, at the bottom of an "Affidavit of Verification." However, the "Motion for Reconsideration" itself did not have a signature. Therefore, the clerk's office was merely following proper procedure when it returned the documents so that Appellant could sign the *motion*.

**{¶18}** However, even if the document would have been accepted for filing on May 7th, while the trial court still had jurisdiction, it would not have made any difference. There is no provision for a "Motion for Reconsideration" at the trial court level. The Supreme Court of Ohio has held that the Rules of Civil Procedure[3] do not allow a party to obtain relief from final judgment in a trial court via a motion for reconsideration as this method "is conspicuously absent within the Rules." *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 380, 423 N.E.2d 1105. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379, 423 N.E.2d 1105; *Ham v. Ham*, 3d Dist. No. 16-07-04, 2008-Ohio-828, ¶15. Therefore, any order that a trial court may enter in granting or denying such a motion for reconsideration would also be a legal nullity. See *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶17, citing *Pitts*, supra; *Vanderhoff v. Vanderhoff*, 3d Dist. No. 13-

---

[3] Petitions for habeas corpus and petitions for post-conviction relief are considered civil matters and are procedurally governed by the Rules of Civil Procedure.

09-21, 2009-Ohio-5907, ¶14. A party may obtain a review of a trial court's decision by filing an appeal, as Appellant has done in this case.

{¶19} Therefore, even if the Motion for Reconsideration had been filed earlier, the trial court would not have had any authority to reconsider the matter. Appellant's second assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**