[Cite as *Cleveland Metro. Bar Assn. v. Freeman,* 128 Ohio St.3d 416, 2011-Ohio-1447.]

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* FREEMAN.

[Cite as *Cleveland Metro. Bar Assn. v. Freeman,*

128 Ohio St.3d 416, 2011-Ohio-1447.]

*Attorney misconduct, including failing to act with reasonable diligence in representing a client — One-year suspension, all stayed on conditions.*

(No. 2010-2144 — Submitted January 19, 2011 — Decided March 31, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-049.

_____

**Per Curiam**.

{¶ 1} Respondent, Kenneth Jeff Freeman of Cleveland, Ohio, Attorney Registration No. 0018940, was admitted to the practice of law in Ohio in 1981. On April 24, 2002, we publicly reprimanded respondent for neglecting a client's bankruptcy case, handling an adversarial proceeding in another client's bankruptcy case without adequate preparation, and initially failing to cooperate in the resulting disciplinary investigation. *Cleveland Bar Assn. v. Freeman* (2002), 95 Ohio St.3d 117, 766 N.E.2d 152. And in June 2010, relator, Cleveland Metropolitan Bar Association, filed a two-count complaint charging respondent with professional misconduct arising from his neglecting two foreclosure matters, failing to keep his clients reasonably informed of the status of their matters, and mailing a direct advertisement that did not comply with Prof.Cond.R. 7.3(c)(3) to one of those clients.

{¶ 2} The parties have submitted stipulations of fact and misconduct, and pursuant to Section 3(C) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), the matter was deemed to have been submitted

without hearing. The Board of Commissioners on Grievances and Discipline has accepted the parties' agreed stipulations of fact and misconduct. The board has also adopted the parties' recommended sanction of a one-year suspension from the practice of law, all stayed on the conditions that he complete at least 12 hours of continuing legal education ("CLE") in law-office management and that he commit no further misconduct. Further, the board recommends that we require respondent to submit proof that he has completed at least six hours of the required CLE within the first six months of his stayed suspension.

{¶ 3} We agree that respondent has committed professional misconduct as found by the board, except that we find that the alleged violation of Prof.Cond.R. 7.3(c) has not been proved by clear and convincing evidence, and therefore, we dismiss that charge. Nonetheless, we agree that a one-year suspension, stayed on the conditions recommended by the board, is warranted.

**Misconduct**

*Count One*

{¶ 4} The stipulated facts of this case demonstrate that in August 2006, a husband and wife who were delinquent in their mortgage payments retained respondent to help them resolve the matter with their mortgage lender. But when the bank filed a foreclosure action, respondent failed to file a timely answer or move for an extension of time to answer. When the lender filed a motion for default judgment, respondent filed an objection to the motion and also filed an answer. The court denied the motion and permitted the late answer. The lender later filed an amended complaint, and when respondent did not answer, filed another motion for default judgment. Respondent did not timely oppose the motion, but asserted that he had not been served with the amended complaint and obtained leave to file an answer to the lender's amended complaint.

{¶ 5} Respondent subsequently failed to timely respond to the lender's discovery requests, and the court granted the lender's motion to have its requests

2

for admissions deemed admitted. Respondent failed to appear at the final pretrial hearing on the matter and told his clients that it was not necessary for them to attend.

{¶ 6} Having determined that the couple had no viable defense to the foreclosure action and that they could not bring the mortgage current, respondent ignored the court's order to file a trial brief and exhibits. Thereafter, the court entered judgment against the couple and ordered that their home be sold at a sheriff's sale.

{¶ 7} When respondent informed the couple of the impending sale, they obtained new counsel. Although respondent did not comply with the couple's request for the return of their file for several months, their new attorney was able to negotiate new mortgage terms with the lender and avoid the sheriff's sale of their home.

{¶ 8} The parties have stipulated and the panel and board have found that respondent's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client). We adopt these findings of fact and misconduct.

*Count Two*

{¶ 9} Another couple met with respondent to discuss a possible bankruptcy filing, but ultimately retained him to help refinance their home and defend a pending foreclosure action. Respondent timely filed answers to the complaint and the amended complaint in the foreclosure proceeding and engaged in discovery. When the couple attempted to contact respondent regarding the status of their case in April 2007, he did not return their phone calls until May 10,

2007. Without discussing the issue with his clients, he determined that they had no defense to their lender's motion for summary judgment. Consequently, he did not respond to the motion.

**{¶ 10}** The parties have stipulated and the panel and board have found that respondent's conduct violated Prof.Cond.R. 1.3, 1.4(a)(4), and 7.3(c)(3) (requiring that written communication from a lawyer soliciting professional employment from a prospective client whom the lawyer reasonably believes to be in need of legal services in a particular matter conspicuously state "ADVERTISING MATERIAL" or "ADVERTISEMENT ONLY" unless the recipient of the communication is a lawyer or has a familial, close personal, or prior professional relationship with the lawyer).

**{¶ 11}** We accept the stipulated facts of the parties and the board's finding that respondent violated Prof.Cond.R. 1.3 and 1.4(a)(4). We conclude, however, that the stipulated facts do not clearly and convincingly demonstrate that respondent's conduct in mailing a solicitation letter to these clients violated Prof.Cond.R. 7.3(c)(3). That rule provides:

**{¶ 12}** "Unless the recipient of the communication is a person specified in division (a)(1) or (2) of this rule, every written, recorded, or electronic communication from a lawyer soliciting professional employment from a prospective client whom the lawyer reasonably believes to be in need of legal services in a particular matter shall comply with all of the following:

**{¶ 13}** "* * *

**{¶ 14}** "(3) Conspicuously include in its text and on the outside envelope, if any, and at the beginning and ending of any recorded or electronic communication the recital—'ADVERTISING MATERIAL' or 'ADVERTISEMENT ONLY.' "

**{¶ 15}** The persons specified in division (a)(1) and (2) of Prof.Cond.R. 7.3 include persons with a prior professional relationship with the lawyer. Because

4

respondent already had a professional relationship with the couple—the only persons to whom respondent has stipulated sending such a solicitation—the letter he sent to them falls within one of the exceptions to Prof.Cond.R. 7.3(c)(3). Therefore, relator has failed to satisfy its burden of proving by clear and convincing evidence that respondent's conduct violated that rule. See Gov.Bar R. V(6)(J); *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 331, 708 N.E.2d 193; *Trumbull Cty. Bar Assn. v. Donlin* (1996), 76 Ohio St.3d 152, 155, 666 N.E.2d 1137 (a respondent is not bound by a stipulation that he had committed misconduct when the stipulated facts and evidence presented at the hearing demonstrated that his conduct did not constitute a violation of the rule).

**{¶ 16}** Accordingly, we dismiss the charge alleging a violation of Prof.Cond.R. 7.3(c)(3).

### Sanction

**{¶ 17}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 18}** Although the parties did not stipulate to any aggravating factors, the panel and board found that respondent has a prior disciplinary offense and that his conduct in this instance involved multiple offenses. BCGD Proc.Reg. 10(B)(1)(a) and (d); *Cleveland Bar Assn. v. Freeman*, 95 Ohio St.3d 117, 766 N.E.2d 152. As mitigating factors, the parties stipulated and the panel and board found that respondent did not act with a dishonest or selfish motive and has cooperated in relator's investigation and the resulting disciplinary proceeding. See BCGD Proc.Reg. 10(B)(2)(b) and (d).

**{¶ 19}** Relying on *Akron Bar Assn. v. Holda*, 125 Ohio St.3d 140, 2010-Ohio-1469, 926 N.E.2d 626, the parties have stipulated that the appropriate sanction for respondent's misconduct is a one-year suspension from the practice of law, all stayed on the conditions that he complete at least 12 hours of CLE in law-office management and that he commit no further misconduct. The panel and board adopted this stipulated sanction with the additional condition that respondent submit proof that he has completed at least six hours of the required CLE within the first six months of his stayed suspension. The parties have not objected to the board's report.

**{¶ 20}** In *Holda*, we imposed a one-year suspension, all stayed on conditions, on an attorney who failed to act with reasonable diligence and promptness in her representation of two clients and failed to promptly deliver her case file to one of those clients upon termination of her representation. In *Holda*, the sole aggravating factor found by the board was the respondent's prior public reprimand for failing to maintain a retainer in a separate trust account, neglecting an entrusted legal matter, and failing to properly refund a retainer upon the termination of her representation. Id. at ¶ 1 and 13, citing *Akron Bar Assn. v. Holda*, 111 Ohio St.3d 418, 2006-Ohio-5860, 856 N.E.2d 973. We observe, however, that Holda's conduct, like respondent's, involved multiple offenses during two separate representations. *Holda* at ¶ 6-12.

**{¶ 21}** Similarly, we imposed a one-year license suspension stayed upon conditions in *Disciplinary Counsel v. Pfundstein*, 128 Ohio St.3d 61, 2010-Ohio-6150, 941 N.E.2d 1180, on an attorney who committed the following violations in each of two cases: Prof.Cond.R. 1.3, 1.4(a)(3), 1.4(a)(4), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Id. at ¶ 9, 13. Although Pfundstein did not have a prior disciplinary record, his conduct was

more egregious than respondent's in that it involved dishonesty, deceit, and misrepresentation. Id. at ¶ 16.

{¶ 22} Having considered respondent's conduct, the applicable aggravating and mitigating factors, and sanctions imposed in comparable cases, we agree that a one-year stayed suspension is the appropriate sanction for respondent's misconduct.

{¶ 23} Accordingly, we suspend Kenneth Jeff Freeman from the practice of law in Ohio for one year, all stayed on the conditions that he complete at least 12 hours of CLE in law-office management in addition to the CLE requirement of Gov.Bar R. X, submit proof that he has completed at least six hours of that CLE within the first six months of his stayed suspension, and commit no further misconduct. If respondent fails to comply with the conditions, the stay will be lifted, and respondent will serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Squire, Sanders & Dempsey, L.L.P., Colin R. Jennings, and David A. Landman, for relator.

Gallagher Sharp, Alan M. Petrov, and Catherine F. Peters, for respondent.

_____