DISCIPLINARY COUNSEL *v.* MURRAINE.

**[Cite as *Disciplinary Counsel v. Murraine,***

**130 Ohio St.3d 397, 2011-Ohio-5795.]**

*Attorney misconduct—Consent to discipline—Misuse of client trust account—*
*One-year stayed suspension.*

(No. 2011-1042—Submitted August 8, 2011—Decided November 17, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 11-001.

_____

**Per Curiam**.

{¶ 1} Fitzgerald Terrance Murraine of Arlington, Texas, Attorney Registration No. 0073209, was admitted to the practice of law in Ohio in 2001.[1] Murraine's license to practice law was suspended on December 23, 2009, for failure to comply with the continuing-legal-education ("CLE") requirements of Gov.Bar R. X for the 2005, 2007, and 2009 reporting periods. *In re Continuing Legal Edn. Suspension of Murraine*, 124 Ohio St.3d 1402, 2009-Ohio-6833, 918 N.E.2d 1010. That suspension remains in effect, and Murraine's attorney registration is currently inactive.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with several violations of the Rules of Professional Conduct arising from his use of his client trust account as a personal checking account. The parties entered into and timely filed a consent-to-discipline agreement pursuant to Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). After the

---

1. It appears that Murraine is also licensed to practice law in Maryland and Pennsylvania, although his registrations are inactive.

assigned panel of the Board of Commissioners on Grievances and Discipline requested additional information, the parties submitted an amended consent-to-discipline agreement.

{¶ 3} The panel and board have recommended that we accept the amended consent-to-discipline agreement. We adopt this recommendation, and we order that respondent be suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the condition that he commit no further misconduct.

**Misconduct**

{¶ 4} The stipulated facts of this case demonstrate that respondent was the Supervisor of Contract Compliance and Special Programs for the city of Dayton and also had a small private legal practice. In December 2009, Murraine and his wife filed for Chapter 13 bankruptcy. At that time, Murraine stopped using his personal credit-union account and began to use his client trust account as a personal bank account. From December 2009 through May 2010, he deposited his payroll checks into his client trust account and wrote checks for his personal and business expenses against it.

{¶ 5} Although Murraine commingled personal and client funds in his client trust account, there is no evidence that he used client funds to pay his personal expenses. Nor is there any evidence that he used his client trust account in an effort to defraud his creditors. The parties agree that respondent has properly reported all income and debts on his bankruptcy petition.

{¶ 6} The parties have stipulated, the board has found, and we agree that respondent's use of his client trust account violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(b) (permitting a lawyer to deposit his or her own funds in a client trust account for the sole purpose of paying or obtaining a waiver of bank service charges), and 8.4(h) (prohibiting a

lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We adopt these findings of fact and misconduct.

## Sanction

{¶ 7} In recommending a sanction for respondent's misconduct, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. The parties have not stipulated to, and the board has not found, any aggravating factors. See BCGD Proc.Reg. 10(B)(1)(a) through (i). They cite several mitigating factors, however, including Murraine's lack of a prior disciplinary record,[2] his full and free disclosure and cooperative attitude during the disciplinary proceedings, and evidence of his good character and reputation. See BCGD Proc.Reg. 10(B)(2)(a), (d), and (e). The parties also note that none of Murraine's clients were harmed by his conduct. He has closed his client trust account and relocated to Texas, and he is not currently engaged in the practice of law.

{¶ 8} The parties have stipulated that a one-year stayed suspension is the appropriate sanction for Murraine's misconduct. In their support of this sanction, the parties cite *Disciplinary Counsel v. Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892. In *Johnston*, we imposed a one-year suspension, all stayed on the condition that Johnston serve one year of monitored probation and complete six hours of CLE in law-office management and accounting for conduct comparable to that of Murraine. Id. at ¶ 5-9, 16. Johnston's conduct was arguably more egregious than Murraine's in that Johnston overdrew his client trust account on 22 separate occasions over a two-year period and bounced a check to a client, though he quickly reimbursed the client for the check and the associated bank charges. Id. at ¶ 8-9. Based upon these factual differences and

2. Gov.Bar R. X(5)(C) prohibits consideration of an attorney's failure to comply with CLE requirements in the imposition of a sanction under Gov.Bar R. V(8).

the fact that respondent has relocated to Texas and is not currently practicing law, we agree that a one-year stayed suspension is the appropriate sanction in this case.

{¶ 9} Accordingly, Fitzgerald Terrance Murraine is suspended from the practice of law for one year, with the entire suspension stayed on the condition that he commit no further misconduct. The sanction shall not commence until Murraine's current suspension for failure to meet his CLE requirements is terminated and he returns to active attorney-registration status. If he fails to comply with the condition of the stay, the stay will be lifted, and he will serve the full one-year suspension. Costs are taxed to Murraine.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

Fitzgerald Terrance Murraine, pro se.

_____