CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* WALKER.

[Cite as *Cleveland Metro. Bar Assn. v. Walker,*
142 Ohio St.3d 452, 2015-Ohio-733.]

(No. 2014–1382—Submitted September 10, 2014—Decided March 4, 2015.)

**Per Curiam.**

{¶ 1} Respondent, Daniel Glen Walker of North Royalton, Ohio, Attorney Registration No. 0071954, was admitted to the practice of law in Ohio in 2000. On April 11, 2014, relator, Cleveland Metropolitan Bar Association, charged Walker with professional misconduct, alleging that he had failed to inform a client of decisions that required her informed consent, failed to promptly notify the client that he had received settlement proceeds on her behalf, commingled personal and client funds in his client trust account, failed to maintain adequate records of the client funds held in his client trust account, and failed to perform monthly reconciliations of his client trust account.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline [1] considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[2] At the direction of the panel, the parties submitted an amended and supplemental consent-to-discipline agreement to address the issues of harm and restitution.

{¶ 3} In the amended consent-to-discipline agreement, Walker stipulates that he represented Norma Quarles Holston in two personal-injury matters—a slip-and-fall and an automobile accident. He took no action in the slip-and-fall matter and waited approximately 20 months to advise her that he would no longer handle her claim. He also misinformed her about the applicable statute of limitations,

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

leading her to believe that she did not have time to pursue the claim before the statute of limitations expired.

{¶ 4} Although Walker filed a complaint with respect to Holston's automobile accident, he failed to perfect service on the defendant, and the case was dismissed without prejudice for failure to prosecute. Before the dismissal, however, he settled her claims and deposited the settlement check into his client trust account, all without Holston's knowledge or consent. He waited more than two months to notify Holston that he had received the settlement proceeds.

{¶ 5} Holston sued Walker for professional negligence and legal malpractice for his acts and omissions in her two legal matters. The case settled in August 2013.

{¶ 6} Walker also stipulates that he commingled personal and client funds in his client trust account from 2011 through March 2013 and that he used the account for business and personal transactions. He did not reconcile his client trust account on a monthly basis and for several years, he failed to maintain the required records regarding the account. The parties stipulate, however, that no client was harmed or prejudiced as a result of this misconduct and that no restitution is owed.

{¶ 7} Walker admits that his conduct violates Prof.Cond.R. 1.4(a)(1) (requiring a lawyer to inform the client of any decision or circumstance with respect to which the client's informed consent is required), 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account), and 1.15(d) (requiring a lawyer to promptly notify a client that the lawyer has received funds in which the client has a lawful interest).

{¶ 8} The parties stipulate that the mitigating factors present include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Walker's full and free disclosure to the board and his cooperative attitude toward the disciplinary proceedings, evidence of his good character or reputation apart from the charged misconduct, and the absence of harm to his clients. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).[3] The parties do not note any aggravating factors.

{¶ 9} Based upon Walker's stipulated misconduct and the mitigating factors present, the parties stipulate that the appropriate sanction is a one-year stayed suspension. In support of this sanction, they cite *Disciplinary Counsel v.*

---

3. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

*Murraine,* 130 Ohio St.3d 397, 2011-Ohio-5795, 958 N.E.2d 942 (imposing a one-year suspension stayed on the condition that he engage in no further misconduct on an attorney who deposited his payroll checks into his client trust account and used the account to pay his personal and business expenses), and *Disciplinary Counsel v. Johnston,* 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892 (imposing a one-year suspension stayed on the conditions that the attorney serve one year of monitored probation and complete six hours of continuing legal education in law-office management and accounting on an attorney who commingled personal and client funds, used the account for personal and business expenses, and overdrew the account on 22 separate occasions).

{¶ 10} The panel and board found that the amended consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. In addition to the cases cited by the parties, the panel and board find that two additional cases support the recommended sanction: *Toledo Bar Assn. v. Royer,* 133 Ohio St.3d 545, 2012-Ohio-5147, 979 N.E.2d 329 (imposing a one-year suspension stayed on conditions including a two-year period of monitored probation and the retaining of a certified public accountant to review bookkeeping procedures on an attorney who failed to deposit unearned fees into his client trust account, failed to render an accounting of costs to his client, failed to maintain required records for his client trust account, and neglected three separate legal matters entrusted to him by a single client); and *Medina Cty. Bar Assn. v. Malynn,* 131 Ohio St.3d 377, 2012-Ohio-1293, 965 N.E.2d 299 (imposing a two-year suspension with six months stayed on the condition of no additional misconduct on an attorney who failed to preserve the identity of client funds, neglected several client matters, failed to reasonably communicate with a client, and failed to cooperate in the ensuing disciplinary investigation).

{¶ 11} We agree that Walker violated Prof.Cond.R. 1.4(a)(1), 1.15(a), 1.15(a)(2), 1.15(a)(5), and 1.15(d), as stated in the parties' amended agreement, and that this conduct warrants a one-year suspension, all stayed on the condition that Walker engage in no further misconduct. We therefore adopt the parties' amended consent-to-discipline agreement.

{¶ 12} Accordingly, Daniel Glen Walker is suspended for one year, all stayed on the condition that he engage in no further misconduct. If Walker fails to comply with the conditions of the stay, the stay shall be lifted, and he will serve the full one-year suspension. Costs are taxed to Walker.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in part and dissents in part.

LANZINGER, J., concurring in part and dissenting in part.

{¶ 13} I concur in the majority opinion's holding that the violations by respondent, Daniel Glen Walker, of Prof.Cond.R. 1.4(a)(1), 1.15(a), 1.15(a)(2), 1.15(a)(5), and 1.15(d) warrant a one-year suspension, but I would stay that suspension on the same conditions that we imposed in *Toledo Bar Assn. v. Royer*, 133 Ohio St.3d 545, 2012-Ohio-5147, 979 N.E.2d 329. Thus, I would require that he (1) serve a two-year period of monitored probation without further violations of the Ohio Rules of Professional Conduct, (2) retain a certified public accountant within two months of the final disposition of this case to review his bookkeeping procedures with respect to his client trust account, and (3) provide an accountant's report to the bar association within six months of the final disposition showing compliance with Prof.Cond.R. 1.15.

_____

Mishkind Law Firm Co., L.P.A., and Howard D. Mishkind; and Heather M. Zirke, Assistant Bar Counsel, for relator.

Gallagher Sharp, Theresa A. Richthammer, and Jeffrey D. Stupp, for respondent.