[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Kendrick,* Slip Opinion No. 2016-Ohio-5600.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5600

DISCIPLINARY COUNSEL *v.* KENDRICK.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Kendrick,* Slip Opinion No. 2016-Ohio-5600.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to hold clients' property in client trust account— Conditionally stayed one-year suspension.*

(No. 2016-0250—Submitted April 5, 2016—Decided September 1, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-038.

_____

**Per Curiam.**

{¶ 1} Respondent, Linda Louise Kendrick of Delaware, Ohio, Attorney Registration No. 0078797, was admitted to the practice of law in Ohio in 2005.

{¶ 2} On June 12, 2015, relator, disciplinary counsel, filed a two-count complaint against Kendrick with the Board of Professional Conduct. In that

complaint, relator alleged that Kendrick violated the Rules of Professional Conduct by neglecting two separate client matters, failing to reasonably communicate with her clients, and using money paid by one client to pay the filing fee of another client. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that a conditionally stayed one-year suspension is the appropriate sanction for Kendrick's misconduct. Although both parties were given the opportunity to submit briefs on a contested violation of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), only relator filed a brief.

{¶ 3} The panel granted the parties' joint motion to waive the hearing, adopted their stipulations, found that Kendrick's conduct violated Prof.Cond.R. 8.4(c) and other disciplinary rules, and recommended that we adopt the parties' recommended sanction. The board adopted the findings of fact, conclusions of law, and recommendation of the panel. No objections have been filed.

{¶ 4} We adopt the board's report in its entirety and suspend Kendrick from the practice of law for one year, fully stayed on conditions.

### Misconduct

*Count One*

{¶ 5} Christopher and Lisa Holmberg retained Kendrick to handle their bankruptcy filing. Kendrick failed to deposit their payments into her client trust account and used their funds to pay another client's filing fee. As a result of Kendrick's neglect, the Holmbergs' bankruptcy filing was dismissed, though Kendrick was able to get the case reinstated and ultimately obtained a discharge of the Holmbergs' debt.

{¶ 6} The parties agreed that Kendrick's conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property). The board also found that Kendrick's conduct violated Prof.Cond.R. 8.4(c), noting that we found

a violation of that rule based on similar conduct in *Disciplinary Counsel v. Folwell*, 129 Ohio St.3d 297, 2011-Ohio-3181, 951 N.E.2d 775, ¶ 10-11 (finding that attorney's use of client funds for other purposes, such as making payment to another client, violated Prof.Cond.R. 8.4(c)).

*Count Two*

**{¶ 7}** Dorothy Ballard retained Kendrick to represent her in a pending civil matter and paid a $500 retainer, which Kendrick did not deposit into her client trust account. Kendrick failed to file a mediation report as required by the court and did not appear at the mediation hearing. She also failed to communicate with Ballard. As a result of Kendrick's neglect, the case was dismissed with prejudice. Kendrick later refunded Ballard's $500 retainer and agreed to pay her $2,000 over a period of approximately five months to compensate her for any damages caused by the dismissal of her case.

**{¶ 8}** The parties stipulated and the board agreed that Kendrick's conduct in this matter violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 1.15(a), 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

**Sanction**

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 10}** The parties stipulated and the board found that relevant mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest

or selfish motive, Kendrick's timely, good-faith effort to make restitution or to rectify the consequences of her misconduct, her full and free disclosure to the board and cooperative attitude during the course of the disciplinary proceedings, and evidence of her good character and reputation apart from this misconduct as demonstrated in four reference letters. *See* Gov.Bar R. V(13)(C)(1) through (5). In addition, the parties stipulated and the board found that Kendrick presented evidence sufficient to establish an additional mitigating factor—the existence of a mental-health disorder that meets all the requirements set forth in Gov.Bar R. V(13)(C)(7)[1]—based on the diagnosis of a persistent depressive disorder caused by her mother's death.

**{¶ 11}** In contrast, the parties stipulated and the board agreed that the only applicable aggravating factor is that Kendrick committed multiple violations of the Rules of Professional Conduct. *See* Gov.Bar R. V(13)(B)(4).

**{¶ 12}** The parties agreed that the appropriate sanction for Kendrick's misconduct is a one-year suspension, fully stayed on the conditions that (1) a monitoring attorney is appointed to oversee Kendrick's law practice, (2) Kendrick continues to participate in counseling as needed, (3) she submits to a psychological assessment conducted by the Ohio Lawyers Assistance Program ("OLAP") and follows all OLAP recommendations, and (4) she pays Dorothy Ballard $2,000 as agreed.

**{¶ 13}** In support of this recommendation, the board cites three cases in which we imposed one-year suspensions and fully stayed the suspension on conditions. *See Cleveland Metro. Bar Assn. v. Walker*, 142 Ohio St.3d 452, 2015-Ohio-733, 32 N.E.3d 437 (attorney neglected client matters, commingled personal

---

[1] Gov.Bar R. V(13)(C)(7) provides that a mental-health disorder qualifies as a mitigating factor when all the following factors exist: a diagnosis of a disorder by a qualified health-care professional, a determination that the disorder contributed to the respondent's misconduct, a sustained period of successful treatment, and a prognosis from a qualified health-care professional that the attorney will be able to return to the competent, ethical practice of law under specified conditions.

and client funds in his client trust account, and failed to promptly notify a client that the attorney had received funds in which the client had a lawful interest); *Stark Cty. Bar Assn. v. DePasquale*, 74 Ohio St.3d 6, 655 N.E.2d 730 (1995) (attorney failed to complete agreed legal services, failed to promptly pay client's creditors, and used the client's funds for his own benefit); *Disciplinary Counsel v. Doellman*, 127 Ohio St.3d 411, 2010-Ohio-5990, 940 N.E.2d 928 (attorney did not maintain a client trust account, commingled personal and client funds, failed to notify a client that the attorney had received funds in which the client had a lawful interest, and used client funds for his own benefit).

{¶ 14} Having thoroughly reviewed the record and considered our precedents, we adopt the board's findings of fact and misconduct and aggravating and mitigating factors. We also agree that a one-year suspension, fully stayed on conditions, is the appropriate sanction for Kendrick's misconduct.

{¶ 15} Accordingly, Linda Louise Kendrick is suspended from the practice of law in Ohio for one year, fully stayed on the conditions that she (1) serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21), (2) submit to a psychological assessment conducted by OLAP and comply with all OLAP recommendations, (3) continue to participate in mental-health counseling, (4) pay Dorothy Ballard $2,000 as previously agreed, and (5) engage in no further misconduct. If Kendrick fails to comply with the terms of the stay, the stay will be lifted and she will serve the full one-year suspension. Costs are taxed to Kendrick.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Linda Louise Kendrick, pro se.

_____