**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Gay,* **Slip Opinion No. 2018-Ohio-2170.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2170

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* GAY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Gay,* Slip Opinion No. 2018-Ohio-2170.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to properly safeguard client funds in a client trust account—Conditionally stayed one-year suspension.*

(No. 2017-1413—Submitted November 21, 2017—Decided June 7, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-003.

_____

**Per Curiam.**

{¶ 1} Respondent, James Arthur Gay, of Cleveland, Ohio, Attorney Registration No. 0025646, was admitted to the practice of law in Ohio in 1979. We indefinitely suspended him from the practice of law in 1994 for misappropriating funds from and failing to file an inventory of his father's probate estate, accepting

fees from clients without performing the contracted work, and failing to cooperate in the ensuing disciplinary investigation. *Cleveland Bar Assn. v. Gay*, 68 Ohio St.3d 190, 625 N.E.2d 593 (1994). We reinstated his license to practice law on February 27, 2002. *Cleveland Bar Assn. v. Gay*, 94 Ohio St.3d 404, 763 N.E.2d 585 (2002).

{¶ 2} In a four-count complaint filed in February 2017, relator, Cleveland Metropolitan Bar Association, alleged that Gay violated the Rules of Professional Conduct by mismanaging his Interest on Lawyers' Trust Account ("IOLTA") on several occasions and by making a personal loan to a client.

{¶ 3} Based on the parties' stipulations, a panel of the Board of Professional Conduct found by clear and convincing evidence that Gay committed the charged rule violations and recommended that he be suspended from the practice of law for one year, fully stayed on conditions. The board adopted the panel's report and further recommends that the costs of the proceedings be assessed to Gay. We adopt the board's report in its entirety and suspend Gay from the practice of law for one year, fully stayed on conditions.

**Misconduct**

*Count I—IOLTA Overdraft*

{¶ 4} On July 21, 2015, Gay disbursed settlement proceeds to two of his clients, Carmen Graham and Breonna Crawford, from his IOLTA. He also disbursed $5,747.56 in settlement proceeds to pay his fees and to reimburse himself for expenses he had advanced to his clients. On July 28, 2015, Gay directly withdrew $5,747.56 from his IOLTA for the same fees and expenses, causing a negative balance in the account. The next day, he became aware of the overdraft and returned the funds he had mistakenly withdrawn. In response to a letter of inquiry from relator, Gay acknowledged that he had mistakenly paid himself twice. The parties agreed, and the board found by clear and convincing evidence, that

Gay's conduct violated Prof.Cond.R. 1.15(a) (requiring client funds to be properly safeguarded in a client trust account).

*Count II—Failure to Properly Manage IOLTA*

**{¶ 5}** Gay admits that he did not maintain separate ledger sheets for his clients. He also admits that he did not consistently maintain, and have his clients sign, disbursement sheets and closing statements. The parties agreed and the board found that Gay's conduct violated Prof.Cond.R. 1.5(c)(2) (requiring a lawyer to furnish closing statements that are signed by both the client and the lawyer in contingent-fee cases), 1.15(a)(2) (requiring a lawyer to maintain a record for each client setting forth the date, amount, payee, and purpose of each disbursement made on behalf of each client), and 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account).

*Count III—Making a Personal Loan to a Client*

**{¶ 6}** Gay admits that he made a personal loan of $300 to a client, Carmen Graham, and repaid himself from the settlement proceeds of Graham's personal-injury claim. The parties agreed and the board found that Gay's conduct violated Prof.Cond.R. 1.8(e) (prohibiting a lawyer from providing financial assistance to a client in connection with pending or contemplated litigation).

*Count IV—Failure to Properly Manage IOLTA*

**{¶ 7}** Gay admits that prior to depositing the settlement proceeds of clients Vanessa Cannon and Layvonne Washington in two separate cases, he withdrew funds from his IOLTA to pay himself for the work he did in those cases. The parties agreed and the board found that Gay's conduct violated Prof.Cond.R. 1.15(a).

**{¶ 8}** We agree with the board's findings of misconduct.

**Sanction**

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The only aggravating factor found by the board was that Gay has a prior disciplinary record. *See* Gov.Bar R. V(13)(B)(1).

{¶ 11} The panel found the following mitigating factors: although alcohol and depression were involved in Gay's first disciplinary case, Gay has maintained his sobriety such that alcohol was not a factor in this case; Gay had been practicing law for 38 years; Gay did not have a dishonest or selfish motive; Gay's misconduct was not intentional but instead was the result of sloppiness and bad recordkeeping; Gay made a full and free disclosure to relator and has had a cooperative attitude toward these proceedings; no clients were harmed as a result of Gay's failure to deposit settlement checks prior to withdrawing funds or his failure to keep appropriate IOLTA records; Gay has taken appropriate action, with the assistance of relator, to educate himself in order to prevent further errors with his IOLTA; Gay now maintains a general ledger and client ledgers; he understands that he must deposit settlement funds prior to withdrawing his fees or disbursing funds to clients; he understands that he must perform monthly reconciliations of his IOLTA; he now has clients sign disbursement statements; and he understands that he is not permitted to make loans to clients and has averred that he will not make loans to clients in the future. *See* Gov.Bar R. V(13)(A) and (C)(2) through (4).

{¶ 12} The board recommends that we impose a fully stayed one-year suspension on conditions for Gay's misconduct. In support of that recommendation, the board examined cases in which we imposed one- or two-year suspensions partially or fully stayed on conditions for similar misconduct. *See Toledo Bar Assn. v. Royer*, 133 Ohio St.3d 545, 2012-Ohio-5147, 979 N.E.2d 329 (imposing a one-year suspension, stayed on conditions including a two-year period of monitored probation, on an attorney for misconduct that was the result of poor time management and poor recordkeeping; the attorney had no prior disciplinary

record and did not have a dishonest motive); *Akron Bar Assn. v. Tomer*, 138 Ohio St.3d 302, 2013-Ohio-5494, 6 N.E.3d 1133 (imposing a two-year suspension, stayed on conditions including a two-year period of monitored probation, on an attorney for mismanagement of her IOLTA and submitting false evidence during the disciplinary investigation; although the attorney had no prior disciplinary record, she engaged in dishonesty during the disciplinary investigation); *Disciplinary Counsel v. Thompson*, 139 Ohio St.3d 452, 2014-Ohio-2482, 12 N.E.3d 1203 (imposing a two-year suspension with 18 months stayed on conditions, including an 18-month period of monitored probation, on an attorney for mismanaging and failing to maintain appropriate accounting records for his client trust account; the attorney had one prior instance of discipline for similar misconduct).

{¶ 13} We agree with the board that Gay's misconduct is less severe than the misconduct in any of the cases cited above. Here, it was Gay's poor bookkeeping that caused his violations. Upon discovery of his errors, Gay immediately corrected them and cooperated with relator's investigation.

{¶ 14} Having independently reviewed the record, we adopt the board's findings of fact and misconduct and agree that a one-year suspension, stayed in its entirety on the conditions recommended by the board, is the appropriate sanction in this case.

{¶ 15} Accordingly, we suspend James Arthur Gay from the practice of law for one year, fully stayed on the conditions that he (1) serve a two-year term of monitored probation that includes oversight of his office management and IOLTA recordkeeping procedures, (2) complete a minimum of six hours of continuing legal education, in addition to the requirements of Gov.Bar R. X, in law-practice management, including at least one hour of IOLTA instruction, and (3) engage in no further misconduct. If he fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Gay.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Heather M. Zirke and Kari L. Burns, Bar Counsel, for relator.

Tyrone E. Reed Co., L.P.A., and Tyrone E. Reed, for respondent.

_____